IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER MAESTAS,

               **Plaintiffs,**

vs.                                                                  Civ. No.  11-012 JH/RHS

**STATE OF NEW MEXICO PUBLIC
DEFENDER DEPARTMENT,**

               **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Dismiss and/or For Judgment on the Pleadings* [Doc. No. 4]. The Court has reviewed the Plaintiff's complaint and her proposed amended complaint, as well as the briefs filed by both parties and the applicable legal authorities. Thus fully informed, the Court will grant the motion to dismiss in part, while granting Plaintiff leave to amend her complaint consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2010, Plaintiff Jennifer Maestas ("Maestas") filed her Complaint in the First Judicial District Court, Santa Fe, New Mexico. In that Complaint, she alleges that the Defendant initially employed her as a receptionist and later promoted her to the position of paralegal. She further alleges that Defendant also employed Michael Feeley as a paralegal. Maestas then asserts four causes of action in a conclusory fashion. In Count I, sexual harassment and constructive discharge in violation of Title VII and the New Mexico Human Rights Act ("NMHRA"), she alleges that Michael Feeley subjected her to sexual harassment, that he created a hostile work environment through that harassment, that she complained to a supervisory attorney,

but the Defendant failed to take corrective action. She further alleges that Defendant promoted Feeley and his sexual harassment continued. She concludes with the conclusory allegation that she was constructively discharged. Count II, retaliation in violation of Title VII and the NMHRA, is similarly bare of supporting factual allegations. Maestas' Complaint states in conclusory fashion that after reporting Feeley's sexual harassment to the Defendant, it subjected her to retaliation. Maestas further alleges that Defendant interviewed her for a position as an investigator but did not select her, even though she was given a higher rating by the panel than the person selected for the position. Maestas also alleges that a relative of Feeley was on the interviewing panel, and that she resigned due to unspecified intolerable working conditions. For her third cause of action, breach of implied employment contract, Maestas alleges only that "an implied employment contract exists by way of Defendant's personnel manuals, representations of supervisors, and conduct of Defendant" and that her employment was terminated through constructive discharge without just cause. In Count IV, intentional infliction of emotional distress, Maestas alleges merely that she has suffered emotional distress as a result of Defendant's intentional actions. Finally, Maestas requests compensatory and punitive damages as well as prejudgment interest, attorney's fees, and costs.

On January 5, 2011, Defendant removed the case to this United States District Court, and on February 8, 2011, it filed its motion to dismiss and/or for judgment on the pleadings. Defendant moves to dismiss all of Maestas' claims for failure to state a claim under Rule 12(b)(6). In addition, Defendant moves to dismiss Maestas' claim under the NMHRA for failure to exhaust her administrative remedies. On March 7, 2011, Maestas filed her response to the motion to dismiss. While she argues against dismissal of her legal claims, Maestas also requests that she be permitted to amend if her allegations are found to be insufficient under Rule 12(b)(6). To that end, Maestas has attached a proposed amended complaint to her response brief. Thus, the Court construes

Maestas' response brief as containing a motion for leave to amend her complaint.

Subsequently, Maestas stipulated to the dismissal of her claims under the New Mexico Human Rights Act, as well as her claims for punitive damages and prejudgment interest. *See* Doc. Nos. 23 and 25. Accordingly, the motion to dismiss is moot as to those claims.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Although the complaint need not recite "detailed factual allegations, . . . the factual allegations must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (quotation omitted). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009). The Court will accept as true all well-pleaded facts and "'construe all reasonable allegations in the light most favorable to the plaintiff.'" *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).

## DISCUSSION

### I. SEXUAL HARASSMENT

For this claim, Defendant argues that Maestas has failed to allege sufficient facts under the standard set forth in *Twombly* and *Iqbal*. The Court agrees. The original complaint is virtually barren of any factual support for this claim. Instead, it contains mere conclusions of law. To that extent, the motion to dismiss will be granted.

The next issue before the Court is whether to allow Maestas to amend this count of her complaint. In making this decision, the Court must determine whether the proposed amended complaint states a claim for sexual harassment under Title VII. The proposed amended complaint adds allegations that Feeley regularly asked Maestas' mother, who also worked for Defendant, if she thought Maestas would be interested in going out on a date with him. Despite being told that Maestas was in a relationship, Feeley asked her out on a number of occasions. Maestas further alleged that when she returned from a two-week absence from work, Feeley's advances worsened. He "comment[ed] on how good she looked and look[ed] at plaintiff as if she was not wearing anything," regularly stared at her breasts while talking to her, and told Maestas that he would stare at her back all day long. He made sexually suggestive moaning sounds around Maestas and sent her emails with inappropriate messages. Maestas told Feeley that she was not interested in a relationship. She complained to coworkers, including her mother, and sought unspecified "assistance" from a "supervisory attorney" regarding Feeley's comments, harassing emails, and requests for dates. She alleges that Defendant failed to take corrective action and that the harassment continued. In December of 2007, Defendant promoted Feeley, but he continued to ask Maestas out on dates. Maestas does not specify whether any of Feeley's other harassing behaviors continued after that point. Maestas' mother complained to the Chief Public Defender, who responded that the harassment was "water under the bridge" because Feeley had been promoted. Maestas then alleges that on April 10, 2008, she was constructively discharged.

Pursuant to Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). An individual can make a claim of sex discrimination based on a hostile work environment, *Meritor*

*Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66-67, 106 S.Ct. 2399 (1986), but in order to do so, "a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Medina v. Income Support Div.*, 413 F.3d 1131, 1134 (10th Cir. 2005); *see EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 798 (10th Cir. 2007). Maestas has alleged facts that, if true, would support a claim that Feeley sexually harassed her by creating a severe or pervasively abusive working environment. The fact that Maestas has not alleged specific dates on which Feeley harassed her does not warrant dismissal for failure to state a claim. Thus, the Court will permit Maestas to amend her claim for sexual harassment.

## II.    RETALIATION AND CONSTRUCTIVE DISCHARGE

### A.    Maestas' Claim for Retaliation Under Title VII

For a Title VII retaliation claim, a plaintiff has an initial burden to "demonstrate (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (footnote omitted).

Again, the allegations of Maestas' original complaint fall short in that they contain mainly legal conclusions and very few facts. Thus, the claim should be dismissed as originally pled. However, the Court concludes that Maestas should be permitted to amend her complaint as to this claim. In the proposed amended complaint Maestas alleges that she sought assistance from a supervisory attorney regarding Feeley's conduct and that her mother, also an employee of the Defendant, complained to the Chief Public Defender on her behalf. For purposes of a motion to dismiss, these allegations are enough to allege protected opposition to discrimination. Maestas

further alleges that after she reported Feeley's sexual harassment to the Defendant, she applied for but did not receive a job as an investigator for the Defendant, despite the fact that she received a higher rating from selection panel than did the person selected for the position. Again, these allegations are enough to support an inference that Maestas suffered an employment action that a reasonable employee would have found materially adverse. Finally, while Maestas did not plead the specific dates of these events, viewed in the light most favorable to her the allegations do support the inference of a causal connection between the protected conduct and the materially adverse action. In short, the Court finds that the allegations of the proposed amended complaint, viewed in the light most favorable to Maestas, are sufficient to state a retaliation claim that is plausible on its face. Thus, the Court will permit her to amend this claim.

### B.  Maestas' Claim for Constructive Discharge

Similarly, the Court disagrees with Defendant that Maestas has failed to adequately plead a claim for constructive discharge. "A constructive discharge occurs when a reasonable person . . . would view her working conditions as intolerable and would feel that she had no other choice but to quit." *Tran v. Trustees of State Colleges in Colo.*, 355 F.3d 1263, 1270 (10th Cir. 2004). Again, there is no doubt that the allegations of the original complaint do not support a constructive discharge claim under *Iqbal* and *Twombly*, as that document contains no factual allegations whatsoever as to the intolerable nature of the working environment that caused Maestas to quit her job with Defendant.

In her proposed amended complaint, Maestas alleges that after Defendant promoted Feeley, he continued to ask her out on dates. She does not allege that the other aspects of his harassment continued. Maestas does assert that Feeley's aunt, a supervising attorney with Defendant, regularly made unfair complaints about her. She also alleges that her supervisor strictly monitored her breaks,

as well as her arrival time at work, while not subjecting other employees to similar reporting measures. Finally, she alleges that she was denied the investigator position. While this is a close call, the Court concludes that these allegations are sufficient to survive a motion to dismiss for failure to state a claim. Accordingly, Maestas may amend her constructive discharge claim.

### III. BREACH OF CONTRACT

In New Mexico, "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." NMSA 1978, Section 37-1-23(A). Thus, one may sue a governmental entity only for breach of a valid written contract. "Whether an implied employment contract exists is a question of fact, and it may be found in written representations such as an employee handbook, in oral representations, in the conduct of the parties, or in a combination of representations and conduct." *Garcia v. Middle Rio Grande Conserv. Dist.*, 121 N.M. 728, 731, 918 P.2d 7, 10, 1996-NMSC-029 (1996) (internal citation omitted). The New Mexico Supreme Court has held that an employee handbook may constitute an implied employment contract. *Forrester v. Parker*, 93 N.M. 781, 782, 606 P.2d 191, 192 (1980). In *Garcia*, the New Mexico Supreme Court held that in the proper circumstances a personnel manual could be enforced against a public entity as a contractual obligation even though there was no writing specifically incorporating it into the employment relationship. *Garcia,* 121 N.M. at 732-33.

Defendant moves to dismiss Maestas' breach of contract claim because she fails to adequately allege the existence and breach of an implied written contract. The Court agrees. In her Complaint, Maestas alleges only that "an implied employment contract exists by way of Defendant's personnel manuals, representations of supervisors, and conduct of Defendant, that all employee [sic] will be discharged only for just cause." Complaint, Ex. B to Doc. No. 1, ¶ 18. In the next

paragraph, Maestas makes the conclusory allegation, without supporting facts, that Defendant constructively discharged her without just cause. *Id*. at ¶ 19. These constitute the entirety of Maestas' allegations regarding the breach of contract claim, and they do not satisfy the pleading standard set forth in *Twombly* and *Iqbal* because Maestas fails to allege what written policies of the Defendant constituted the contract or how the Defendant breached the contract. Instead, she merely asserts two legal conclusions: that a contract existed, and that Defendant breached it. Accordingly, this claim will be dismissed from the complaint without prejudice.

Further, the breach of contract claim in Maestas' proposed amended complaint suffers from the same deficiencies as her original complaint. Accordingly, it would be futile to allow her to amend the claim, and that request will be denied.

## IV.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Defendant argues that the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., does not contain a waiver of sovereign immunity for intentional infliction of emotional distress. The Court agrees. Despite having the burden to do so, Maestas has pointed to no provision of the statute that waives sovereign immunity for that particular intentional tort. In fact, the Supreme Court of New Mexico has held that the Legislature has not waived immunity for claims of intentional infliction of emotional distress. *See Garcia–Montoya v. State Treasurer's Office*, 130 N.M. 25, 16 P.3d 1084 (2001) (upholding dismissal of intentional infliction of emotional distress claim because immunity is not waived under NMTCA). Maestas' argument that the Tort Claims Act does not apply because Defendant's employees were acting outside the scope of their duties is inapplicable, since none of the individual employees are defendants in this lawsuit. Accordingly, the Court will dismiss Maestas' claim for intentional infliction of emotional distress against the Defendant with prejudice without leave to amend, as any amendment would be futile.

**IT IS THEREFORE ORDERED** that:

(1) *Defendant's Motion to Dismiss and/or For Judgment on the Pleadings* [Doc. No. 4] is **GRANTED IN PART** and **DENIED IN PART**;

(2) Plaintiff's claim for breach of implied contract is **DISMISSED WITHOUT PREJUDICE**, while her claim for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE**; and

(3) Consistent with this Memorandum Opinion, Plaintiff has leave to amend her claims for sexual harassment, constructive discharge, and retaliation under Title VII, provided that she does so no later than July 29, 2011.

_____
**UNITED STATES DISTRICT JUDGE**